IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| IN RE MENTOR CORP. OBTAPE | * | MDL Docket No. 2004 |
| | | 4:08-MD-2004 (CDL) |
| TRANSOBTURATOR SLING PRODUCTS | * | |
| | | Case No. |
| LIABILITY LITIGATION | * | 4:13-cv-163 (Ingle) |

O R D E R

Defendant Mentor Worldwide LLC developed a suburethral sling product called ObTape Transobturator Tape, which was used to treat women with stress urinary incontinence. Plaintiff Elizabeth Ann Ingle was implanted with ObTape and asserts that she suffered injuries caused by ObTape. Ingle brought a product liability action against Mentor, contending that ObTape had design and/or manufacturing defects that proximately caused her injuries. Ingle also asserts that Mentor did not adequately warn her doctor about the risks associated with ObTape. Mentor seeks partial summary judgment on several of Ingle's claims. For the reasons set forth below, Mentor's partial summary judgment motion (ECF No. 37 in 4:13-cv-163) is granted in part and denied in part.

SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a).  In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  A fact is *material* if it is relevant or necessary to the outcome of the suit.  *Id.* at 248.  A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party.  *Id.*

FACTUAL BACKGROUND

Dr. Scott Michener implanted Ingle with ObTape on September 27, 2005.  Ingle did not see any materials from Mentor regarding ObTape, and she did not speak with any representatives of Mentor about the product.  Ingle asserts that she suffered various injuries caused by her ObTape, which has not been removed. Ingle contends that Mentor misrepresented to Dr. Michener (or concealed from him) an accurate complication rate for ObTape, the severity of known ObTape complications, and true information about ObTape's physical characteristics.  *E.g.*, Michener Dep. 115:1-7, 117:5, ECF No. 40-3.  She also pointed to evidence that if Dr. Michener had known that ObTape had not been clinically tested before being marketed, he would not have implanted it in Ingle.  *Id*. at 137:2-11.  Ingle is an Oklahoma resident whose ObTape-related treatment took place in Oklahoma.  On May 7,

2

2013, Ingle served Mentor with a copy of her Complaint captioned in Hennepin County District Court of the State of Minnesota. Ingle brought claims for strict liability, negligence, breach of express warranty, breach of implied warranty, common law fraud, constructive fraud, and negligent and intentional misrepresentation.

DISCUSSION

Ingle filed her action in Minnesota state court, and Mentor removed it to the United States District Court for the District of Minnesota. The case was later transferred to this Court as part of a multidistrict litigation proceeding regarding ObTape. The parties agree for purposes of summary judgment that Minnesota law applies to Ingle's claims. *See In re Mentor Corp. ObTape Transobturator Sling Prods. Liab. Litig.*, No. 4:08-md-2004, 2013 WL 286276, at *7 (concluding that Minnesota law applied to claims of non-Minnesota ObTape plaintiffs who brought their actions in Minnesota).

Mentor seeks summary judgment on Ingle's breach of warranty claims. Ingle does not contest Mentor's summary judgment motion on her breach of warranty claims, and Mentor's motion is granted as to those claims.

Mentor also seeks summary judgment on Ingle's common law fraud and misrepresentation claims, contending that Minnesota law requires Ingle to prove that she was injured because *she*

3

relied on a misrepresentation from Mentor.  But under Minnesota law, a misrepresentation claim in a medical device case can be premised on the manufacturer's alleged misrepresentations to a physician—not just misrepresentations directly to the patient. *Kociemba v. G.D. Searle & Co.*, 707 F. Supp. 1517, 1525 (D. Minn. 1989); *accord In re Minnesota Breast Implant Litig.*, 36 F. Supp. 2d 863, 879 (D. Minn. 1998) ("Statements made by a pharmaceutical representative directly to a physician should be expected to be relied upon[.]").  Thus, if a plaintiff can establish that the manufacturer made misrepresentations to her physician regarding the risks of a product and that the physician would not have recommended the product for the plaintiff had he known the product's true risks, then the reliance and causation elements are satisfied.[1]

Here, Ingle asserts that Mentor, intending to defraud her and induce her to undergo the ObTape procedure, made

---

[1] Mentor seeks summary judgment on Ingle's "negligent misrepresentation" claims because Minnesota has not expressly recognized the tort of negligent misrepresentation involving the risk of physical harm.  *See Smith v. Brutger Cos.*, 569 N.W.2d 408, 413 (Minn. 1997) (declining to recognize the tort of negligent misrepresentation with physical harm but stating that the decision did "not foreclose the possibility of recognizing in Minnesota the tort of negligent misrepresentation involving the risk of physical harm" under a different factual scenario—with an actionable misrepresentation, reasonable reliance, and a causal connection).  In support of her "negligent misrepresentation" claims, Ingle alleges that Mentor did not exercise reasonable care in providing warnings to her doctor about ObTape.  Thus, Ingle's "negligent misrepresentation" claims are simply failure to warn claims, which Minnesota does recognize, so the Court declines to grant summary judgment on this basis.

4

misrepresentations to her physician that induced the physician to recommend ObTape to Ingle. Ingle further contends that she relied on her doctor in deciding to proceed with the ObTape procedure. Ingle produced evidence that her doctor would not have implanted her with ObTape had he known its true risks. Thus, the Court is satisfied that a genuine fact dispute exists on the justifiable reliance and causation elements, and Mentor is not entitled to summary judgment on Ingle's fraud and misrepresentation claims.

Finally, Mentor seeks summary judgment on Ingle's "constructive fraud" claim, contending that this claim fails because Mentor did not owe a fiduciary duty to Ingle. Under Minnesota law, "[c]onstructive fraud reposes exclusively in the context of fiduciary obligations and is simply a characterization of a breach of such a duty." *Perl v. St. Paul Fire & Marine Ins. Co.*, 345 N.W.2d 209, 213 (Minn. 1984). The crux of Ingle's "constructive fraud" claims is that Mentor had certain information about the risks of ObTape but intentionally concealed it from her doctor. *See, e.g.,* Compl. ¶¶ 92-98, ECF No. 1-1 in 4:13-cv-163. In other words, Ingle is asserting a classic fraudulent concealment claim, which is recognized under Minnesota law. *See Flynn v. Am. Home Prods. Corp.*, 627 N.W.2d 342, 350 (Minn. Ct. App. 2001) ("Under Minnesota law, fraudulent misrepresentation based on the concealment of a material fact

5

occurs when one party knowingly conceals a material fact that is 'peculiarly within his own knowledge,' and the other party relies on the presumption that the fact does not exist.") (quoting *Richfield Bank & Trust Co. v. Sjogren,* 309 Minn. 362, 364, 244 N.W.2d 648, 650 (1976)).  As discussed above, Ingle produced evidence that her physician would not have implanted her with ObTape had he known its true risks, which Mentor concealed from him.  Therefore, the Court denies summary judgment as to Ingle's fraudulent concealment claim.

## CONCLUSION

As discussed above, Mentor's motion for partial summary judgment (ECF No. 37 in 4:13-cv-163) is granted as to Ingle's breach of warranty claims.  Mentor's motion is denied as to Ingle's intentional misrepresentation, negligent misrepresentation, fraud, and fraudulent concealment claims.  Those claims, along with her strict liability and negligence claims, remain pending for trial.

Within seven days of the date of this Order, the parties shall notify the Court whether the parties agree to a *Lexecon* waiver.

IT IS SO ORDERED, this 10th day of December, 2015.

s/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA
